1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE PEREZ-MORA, | ) | 1:11-cv-00128 AWI MJS HC |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| MICHAEL L. BENOV, | ) | (Doc. 1) |
| Respondent. | ) | |
| _____ | ) | |

16 **I.    INTRODUCTION**

17        Plaintiff is a federal prisoner proceeding pro se with a Petition for Writ of Habeas

18 Corpus pursuant to 28 U.S.C. § 2241.

19        The instant Petition for Writ of Habeas Corpus was filed on January 25, 2011. (Pet.,

20 ECF No. 1.) The petition challenges the findings of a March 2010 prison disciplinary hearing

21 where Petitioner was found guilty of stealing. (Id. at 9-11.) Petitioner raises two challenges to

22 the disciplinary proceeding. First he claims that his First and Fifth Amendment rights were

23 violated by the presentation of false statements and evidence at the hearing. Further,

24 Petitioner asserts that his due process was violated by the unconstitutionally vague description

25 of the offense for which he was found guilty.

26 **II.    FACTUAL SUMMARY**

27        On February 26, 2010, Petitioner received an incident report for a violation of code 219,

28 Stealing. (Pet. at 12.) Prohibited Act Code section 219, set forth in 28 C.F.R. § 541.3, is

referred to as "Stealing; theft," and denominated as a "high severity level prohibited act." Petitioner was given advance notice of the hearing, and on March 3, 2010, Petitioner was advised of his rights. (Id.)

On March 29, 2010, the disciplinary hearing was held. (Id.) The Disciplinary Hearing Officer ("DHO") was presented evidence in the form of an incident report from correctional officer Hendricks. The officer stated in the report that while searching Petitioner's cell on February 26, 2010, he found a bag containing two and one half pounds of uncooked pinto beans. He further reported that when he asked where Petitioner obtained the beans, Petitioner stated that he got them from the kitchen. A photograph of the bag of beans were also presented to the DHO.

At the hearing, Petitioner stated that he told the officer that he beans were his and that another inmate gave him the beans prior to transferring to a different institution. Another inmate was called as a witness. That inmate stated that upon finding the beans, the officer asked him if they were his. He responded that they were not. He then testified that the officer asked Petitioner if they were his, and Petitioner said they were.

Based on the relevant evidence presented at the hearing, the DHO found Petitioner guilty of the offense of stealing. The DHO relied on the fact that Petitioner admitted that the beans were his, that Petitioner knew that they were not available for sale from the commissary, and that they had come from the dining hall. The DHO sanctioned Petitioner with 27 days disallowance of good conduct time and six months loss of commissary. (Id.)

In his petition, Petitioner raises two claims. First, he asserts that the disciplinary finding violated his constitutional rights based on the filing of an allegedly false report by officer Hendricks. Second, he asserts that Prohibited Act Code section 219 is unconstitutionally vague and fails to provide appropriate notice.

## II.    JURISDICTION

### A.    Subject Matter Jurisdiction

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or

treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner asserts that, as a result of an adverse ruling in the 2010 prison disciplinary proceeding, he suffered violations of his rights as guaranteed by the United States Constitution. As a result of the hearing, Respondent sanctioned Petitioner with 27 days disallowance of good conduct time and six months loss of commissary. (Id.)

"Habeas corpus jurisdiction is available under 28 U.S.C. section 2241 for a prisoner's claims that he has been denied good time credits without due process of law." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973)). Accordingly, the Court concludes that it has subject matter jurisdiction over the petition.

**B.    Jurisdiction Over the Person**

Title 28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. Ahrens v. Clark, 335 U.S. 188, 193, 68 S. Ct. 1443, 92 L. Ed. 1898 (1948), overruled on other grounds in Braden, 410 U.S. at 493, citing Mitsuye Endo, 323 U.S. 283, 305 (1944); Francis v. Rison, 894 F.2d 353, 354 (9th Cir.

1   1990). A failure to name and serve the custodian deprives the Court of personal jurisdiction.

2   <u>Johnson v. Reilly</u>, 349 F.3d 1149, 1153 (9th Cir. 2003).

3       Here, at all pertinent times, Petitioner was incarcerated at the Taft Correctional

4   Institution (TCI), which is located within the Eastern District of California. Petitioner named

5   Michael L. Benov, the Warden of TCI, as Respondent.

6       Accordingly, the Court concludes that it has personal jurisdiction over the custodian.

7   **III.    SCREENING THE PETITION**

8       The Rules Governing Section 2254 Cases in the United States District Courts (Habeas

9   Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. <u>See</u>

10  Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each

11  petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

12  appears from the petition and any attached exhibits that the petitioner is not entitled to relief

13  in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990);

14  <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that

15  a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting

16  each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the

17  petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory

18  Committee Notes, 1976 Adoption; <u>O'Bremski</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>,

19  431 U.S. 63, 75 n. 7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Allegations in a petition that

20  are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v.</u>

21  <u>Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

22      Here, Petitioner challenges on due process and other grounds a prison disciplinary

23  finding that he stole pinto beans resulting in loss of good time credit. Petitioner has provided

24  the Court with a record of the incident report, disciplinary hearing and findings, and the

25  administrative appeals process. (Pet. at 9-21.) Accordingly, Petitioner has provided the Court

26  with all the relevant documentation of the disciplinary proceedings as well as documentation

27  of Petitioner's exhaustion of the administrative remedies to allow this Court to determine the

28  merits of the petition at this time.

1    Accordingly, the Court will proceed to determine on the merits the issues raised by

2 Petitioner on the basis of the documentary record provided by Petitioner.

3 **IV.    ANALYSIS OF CLAIMS**

4        **B.    Violation of Petitioner's Due Process Rights**

5        The law concerning a prisoner's Fourteenth Amendment liberty interest in good time

6 credit is set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). While the United States

7 Constitution does not guarantee good time credit, an inmate has a liberty interest in good time

8 credit when a state statute provides such a right and delineates that it is not to be taken away

9 except for serious misconduct. See id. at 557 ("It is true that the Constitution itself does not

10 guarantee good-time credit for satisfactory behavior while in prison. But here the State itself

11 has not only provided a statutory right to good time but also specifies that it is to be forfeited

12 only for serious misbehavior."); id. ("[T]he State having created the right to good time and itself

13 recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's

14 interest has real substance …."); id. at 558 (holding that "[s]ince prisoners in Nebraska can

15 only lose good-time credits if they are guilty of serious misconduct, the determination of

16 whether such behavior has occurred becomes critical, and the minimum requirements of

17 procedural due process appropriate for the circumstances must be observed").

18        Prisoners cannot be entirely deprived of their constitutional rights, but their rights may

19 be diminished by the needs and objectives of the institutional environment. Wolff, 418 U.S. at

20 539. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not

21 afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due

22 process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v.

23 Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v Hill, 472 U.S. 445,

24 454-455 (1984).

25        When a prison disciplinary proceeding may result in the loss of good time credits, due

26 process requires that the prisoner receive: (1) advance written notice of at least 24 hours of

27 the disciplinary charges; (2) an opportunity, when consistent with institutional safety and

28 correctional goals, to call witnesses and present documentary evidence in his defense; and

U.S. District Court
E. D. California

-5-

(3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.

In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927). In Hill, the United States Supreme Court explained that this standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced . . ." Id. "Ascertaining whether this standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 456. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-456. The Court justified this lesser standard as follows:

> We decline to adopt a more stringent evidentiary standard as a constitutional requirement. Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require the courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Id. at 456. (Citations omitted.)

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Hill at 457. Even where, as in Hill, the evidence in the case "might be characterized as meager," if "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary," those findings must be upheld. Id. Thus, if the procedures listed above are afforded to an inmate, and "some evidence" supports the hearing officer's decision, the requirements of due process are satisfied. Hill, 472 U.S. at 455; Bostic v. Carlson, 884 F.2d at 1269-1270.

On March 29, 2010, the disciplinary hearing was held. (Pet. at 9-11.) On March 30, 2010, the DHO issued a written decision, which was served on Petitioner on April 6, 2010. (Id.) After reviewing all of the evidence, the DHO found Petitioner guilty of committing the prohibited

1    act. The finding was based on the information submitted by the correctional officer and the

2    statements of Petitioner and a witness. (Id.)

3        The evidence presented at the disciplinary hearing and relied upon by the DHO

4    included an incident report filed by Officer Hendricks. (Pet. at 9-11.) According to the report,

5    the officer found the bag of pinto beans while conducting a search of Petitioner's cell. The

6    officer stated in the report that he asked Petitioner where the beans were from and Petitioner

7    said they came from the kitchen. Further, the DHO relied on testimony at the hearing where

8    Petitioner admitted that the beans were his, but stated that they were given to him by another

9    inmate. Finally, another inmate testified at the hearing that he observed the officer ask

10   Petitioner about the beans, and Petitioner replied that they were his. (Id.) In finding Petitioner

11   guilty, the DHO specifically relied on Petitioner's admission that he possessed the beans. (Id.)

12   Concluding that it was irrelevant where Petitioner obtained the beans, knowing that they

13   originated from the dining hall, the DHO found the evidence supported finding Petitioner guilty

14   of the offense stealing. (Id.)

15       The Court finds that "some evidence" exists to support a finding that Petitioner had

16   committed the prohibited act of stealing. The DHO found that even if the statements of the

17   Petitioner were true, that his possession of the pinto beans was some evidence of stealing.

18   Accordingly, the "some evidence" standard has been met. See Hill, 472 U.S. at 455. While the

19   evidence was not overwhelming, the DHO's determination "was not so lacking in evidentiary

20   support as to violate due process." Id. at 457. The fact that Petitioner's assertion that his

21   actions did not constitute stealing does not alter the conclusion that the DHO's decision was

22   supported by "some evidence." Accordingly, Petitioner's due process claim lacks merit.

23       Petitioner also claims that his rights were violated based on the false testimony

24   presented by the correctional officer. Petitioner asserts that as he only speaks Spanish, he

25   could not have told the officer that the beans were his and that they were from the kitchen.

26   Regardless of whether Petitioner made such statements to the officer, he made similar

27   statements and admitted that he possessed the beans at the hearing. Even without

28   considering the statements Petitioner made to the officer, some evidence of Petitioner's guilt

1    was presented to the DHO, and Petitioner's claim is without merit.

2           **C.      Are the BOP Regulations Impermissibly Vague?**

3           Petitioner argues that  Prohibited Act Code section 219 did not provide him sufficient

4    notice that his conduct was prohibited. Specifically, he contends that the regulation failed to

5    give him notice that the possession of pinto beans, allegedly given to Petitioner by another

6    inmate, constituted stealing. (See Pet. at 6.) The Court liberally construes this as a claim that

7    Code 219 is unconstitutionally vague as applied to Petitioner's conduct.

8           "Due process requires fair notice of what conduct is prohibited before a sanction can

9    be imposed." Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996) (citing Grayned v. City of

10   Rockford, 408 U.S. 104, 108 (1972)). While "[d]ue process undoubtedly requires certain

11   minimal standards of specificity in prison regulations," "the degree of specificity required of

12   such regulations is [not] as strict in every instance as that required of ordinary criminal

13   sanctions." Meyers v. Alldredge, 492 F.2d 296, 310 (3d Cir. 1974); see also Adams v. Gunnell,

14   729 F.2d 362, 369-70 (5th Cir. 1984). In the prison context, "'the law requires less in the way

15   of notice, and places a greater burden on the individual to make inquiry or ask permission

16   before acting.'" Meyers, 492 F.2d at 311 (quoting Landman v. Royster, 333 F.Supp. 621,

17   655-56 (E.D. Va. 1971)). Federal courts defer to prison authorities' interpretation of prison

18   rules "unless fair notice was clearly lacking." Hadden v. Howard, 713 F.2d 1003, 1008 (3d Cir.

19   1974).

20          Under the circumstances here, fair notice was not clearly lacking. The BOP

21   promulgated regulations pertaining to stealing, theft, and possession of unauthorized items."

22   See 28 C.F.R. § 541.13. The regulations puts a reasonable prisoner on reasonable notice that

23   stealing or possessing unauthorized property may subject him to sanction. See also Prohibited

24   Act Code sections 226 and 305 ("possession of stolen property," and "possession of anything

25   not authorized for retention or receipt by the inmate, and not issued to him through regular

26   channels," respectively).  Based on such regulations, a reasonable prisoner would conclude

27   that possessing items from the kitchen may result in a disciplinary violation. That the regulation

28   does not delineate each and every possible variation of stealing, theft, or possession of

1  unauthorized items does not render it impermissibly vague. Code 219 was not drawn with such

2  generality that Petitioner did not have fair notice that his conduct could violate the rule. See

3  Cowan v. Sanders, 2010 U.S. Dist. LEXIS 15211, *11-13 (C.D. Cal. Jan. 19, 2010). Because

4  Code 219 was sufficient to satisfy the due process requirement of fair notice in the prison

5  context, habeas relief is unwarranted on this claim.

6  **V.      RECOMMENDATION**

7       For the reasons discussed herein, the Court RECOMMENDS that petition be

8  DISMISSED with prejudice.

9       These findings and recommendations are submitted to the United States District Court

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

11  304 of the Local Rules of Practice for the United States District Court, Eastern District of

12  California. Within thirty (30) days after being served with a copy, any party may file written

13  objections with the Court and serve a copy on all parties. Such a document should be

14  captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the

15  objections shall be served and filed within fourteen (14) days (plus three days if served by

16  mail) after service of the objections. The Court will then review the Magistrate Judge's ruling

17  pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections

18  within the specified time may waive the right to appeal the District Court's order. Martinez v.

19  Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  IT IS SO ORDERED.

24  Dated:      October 14, 2011                    /s/ Michael J. Seng
     UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California